## DRAKE v. DRAKE.

No. 29418.    March 26, 1940.

*100 P. 2d 887.*

Jack Tellegen and David Tant, both of Oklahoma City, for plaintiff in error.

Gasper Edwards, of Oklahoma City, for defendant in error.

GIBSON, J. Plaintiff below was awarded a decree of divorce from defendant below on account of the latter's fault; $2,000 alimony, to be paid in 20 monthly installments with interest, the repayment of $400 previously loaned by plaintiff to defendant; household equipment, and her attorneys' fees. No rights of children are involved.

Plaintiff appeals solely from the alimony allowance, charging the same to be insufficient under the clear weight of the evidence. We have examined the record to determine the merit of that charge. Dresser v. Dresser, 164 Okla. 94, 22 P. 2d 1012; Moseley v. Moseley, 171 Okla. 150, 42 P. 2d 237. We deem it unnec-essary to here review the evidence in detail, and set forth only such ultimate facts as are here material, including such as relate to the property ownership of the parties.

The parties were married for nine years. Plaintiff had been previously married to another and divorced. At the time of their marriage defendant was the owner of certain improved real property, portions of which at time of trial were rented for a total of $225 monthly. In another portion of the property defendant operated a mattress factory, and for several years plaintiff rendered some slight assistance in its operation. The average net monthly income from that enterprise for the nine-year period was shown to have been approximately $35. Mortgage indebtedness in the sum of $11,100 existed on all the real property at the time of their marriage. At time of trial this indebtedness had been reduced to $5,700, and the equity of defendant in his real property thereby increased approximately $5,400 during the marriage existence. It was not shown that defendant owned any other property except some factory machinery of the value of possibly $200. Plaintiff at the time of their marriage was operating a small apartment house, and at time of trial the value of property owned by her did not exceed several hundred dollars.

On granting a divorce to the wife for the husband's fault the allowance of permanent alimony is, under section 672, O. S. 1931, 12 Okla. Stat. Ann. § 1278, in the trial court's sound discretion, to be exercised in view, among other matters, of the husband's estate and ability, the wife's condition and means, and the conduct of the parties. Silva v. Silva, 81 Okla. 159, 197 P. 165; Bowen v. Bowen, 182 Okla. 114, 76 P. 2d 900; Coleman v. Coleman, 180 Okla. 574, 72 P. 2d 369. Although there is no rule that requires

any fractional division of property acquired by the joint efforts of the parties to be allowed to the wife on the husband's fault, as the division depends upon the circumstances in each case (Burtrum v. Burtrum, 184 Okla. 61, 84 P. 2d 598), the trial court here allowed plaintiff an amount, excluding the loaned money and her attorneys' fees, equal to a substantial part (something less than half) of the amount the equity in the property had increased. While it does not appear from what source the money used to reduce the mortgage indebtedness was derived, it may be assumed, in view of the income shown to have been derived from the factory, that such funds came almost entirely from rentals.

After examination of the record, we conclude that the allowance as made is not unjust or inequitable to the plaintiff, and that the wide range of discretion allowed the trial court in such matters was not abused. Reed v. Reed, 182 Okla. 149, 77 P. 2d 30.

The judgment is affirmed.

BAYLESS, C. J., and RILEY, OSBORN, and HURST, JJ., concur.