Douglas John STROCK, Appellant,

v.

Jean Elan STROCK, Appellee.

No. 80630.

Court of Appeals of Oklahoma, Division No. 3.

Nov. 2, 1993.

Elizabeth A. Joyner, E. Wayne Krug, Lawton, for appellant.

Alan D. Rosenbaum, Lawton, for appellee.

## OPINION

BAILEY, Judge:

Douglas John Strock (Husband) seeks review of the Trial Court's order awarding Jean Elan Strock (Wife) alimony in lieu of property division and support alimony in the parties' divorce action. In this appeal, Husband challenges the award of alimony in lieu of property division as inequitable and the award of support alimony as excessive.

After ten years of marriage and two children, Wife filed petition for separate maintenance and Husband counter-claimed for divorce. The parties divided personal property prior to trial, and presented evidence at trial regarding the value thereof. Based on this evidence, the Trial Court confirmed the personal property in the possession of each party, awarded Husband the homestead subject to the indebtedness thereon, and awarded Wife alimony in lieu of property division in the amount of $18,000.00 payable at $500.00 per month. The Trial Court also awarded Wife $19,200.00 in support alimony payable at the rate of $400.00 per month for forty-eight months. Husband appeals.

Husband first asserts the Trial Court abused its discretion in awarding Wife support alimony in excess of that requested.[1] In this regard, the Trial Court acknowledged the amount of support alimony awarded

---

1. Wife requested support alimony in the amount of $7,200.00 payable over a four year period.

"higher than argued" but specifically determined the amount supported by the facts of the case.

█ The Trial Court may allow either party "such alimony out of real and personal property of the other as the court shall think reasonable."[2] In awarding support alimony, the Trial Court considers various factors, including need for support and ability to pay.[3] Such an award is within the discretion of the Trial Court whose judgment thereon will not be disturbed unless against the clear weight of the evidence or affected by an abuse of discretion.[4]

█ In the present case, Husband—a West Point graduate—obtained a master's degree during the marriage, held the rank of major in the United States Army, and expected a special separation benefit payment from the Army in the approximate gross amount of $54,000.00 which the Trial Court held to be Husband's separate property *not* subject to division. On the other hand, Wife had a high school degree, some technical training, worked at near minimum wage, expressed her desire to obtain her bachelor's degree and teaching certificate in order to support herself, and asserts that she based her request for support alimony on her belief she would be awarded one-half of Husband's special separation benefit payment. Under these circumstances, and considering the Trial Court's implicit determination that Husband had the means to pay support alimony and Wife's evidence of demonstrated need therefor, we find no error in the Trial Court's award of support alimony in excess of that requested by Wife.

Husband next complains the Trial Court erred in valuating and dividing the marital estate, resulting in an award to Wife of over one-half the marital assets but none of the marital debt. Hereunder, Husband asserts accuracy of his valuation of the marital assets and debts proffered at trial and inaccuracy of Wife's valuation, leading to inequitable division of the marital estate.

█ The Trial Court is charged by statutory mandate to make such a division of property "as may be proper, equitable and just, having due regard to the time and manner of acquiring such property, whether the title thereto be in either or both of said parties."[5] As to property jointly acquired by the parties during the marriage, "the court shall make such division ... as may appear just and reasonable ... ."[6] The term "equitable" as used in the statutes does not necessarily mean "equal."[7] The Trial Court is vested with wide discretion in the division of marital estates, and the lower court's determination will not be disturbed on review absent a showing of abuse of discretion.[8]

█ In the present case, both parties proffered evidence of the value of the parties' jointly acquired personal and real property in addition to the debts of the marriage. Moreover, Wife adduced evidence showing that much of the marital debt, exclusive of the mortgage on the real property, was incurred solely by Husband. Having reviewed the record, we find sufficient evidence to support the Trial Court's valuation and division of the marital estate as equitable. Under these circumstances, we hold the Trial Court did not abuse its discretion in the division of the marital estate.

The order of the Trial Court awarding Wife alimony in lieu of property and support alimony is therefore AFFIRMED.

HUNTER, P.J., and GARRETT, J., concur.

2. 43 O.S.1991 § 121.

3. *Rice v. Rice,* 762 P.2d 925 (Okl.1988).

4. *Primrose v. Primrose,* 663 P.2d 755, 760 (Okl. App.1983); *Kiddie v. Kiddie,* 563 P.2d 139 (Okl. 1977); *Peters v. Peters,* 539 P.2d 26 (Okl.1975).

5. 43 O.S.1991 § 108.

6. 43 O.S.1991 § 121.

7. *Primrose v. Primrose,* 663 P.2d 755 (Okl.App. 1983); *Stuart v. Stuart,* 433 P.2d 951 (Okl.1967).

8. *Primrose v. Primrose,* 663 P.2d 755 (Okl.App. 1983); *Kiddie v. Kiddie,* 563 P.2d 139 (Okl.1977); *Reed v. Reed,* 456 P.2d 529 (Okl.1969).