In the Matter of the DEATH OF Larry Duane BOYD.

BIG V FEEDS, INC. and Farmland Insurance, Petitioners,

v.

Donna L. BOYD and the Workers' Compensation Court, Respondents.

No. 83655.

Court of Appeals of Oklahoma, Division No. I.

Dec. 20, 1994.

Daniel L. Durocher, Oklahoma City, for petitioners.

Gene V. Primomo, Muskogee, for respondents.

## MEMORANDUM OPINION

CARL B. JONES, Judge:

Larry Boyd was an employee of Big V Feeds for a number of years in the position of a salesman. In that capacity he was afforded a company vehicle. He was offered, and accepted, the responsibility of the manager's position at a new retail outlet in McAlester, Oklahoma. Mr. Boyd resided in Muskogee and thus was required to commute daily to the store. He and his family owned one automobile, and to accommodate him the employer allowed him to retain his company vehicle until he completed his move to McAlester. One morning, intending to pick up some grass seed for the store on the way, Mr. Boyd was proceeding to work and was involved in a traffic accident which proved fatal. His wife, Donna L. Boyd, sought and was granted Workers' Compensation survivor's benefits. The Petitioner, Big V Feeds, now seeks review of that award.

Petitioner offers three arguments to demonstrate the erroneous nature of the judgment here reviewed. It is contended the death of the decedent was the result of his willful failure to use mandated safety equipment and that the death did not arise out of the course of employment. Lastly, it is argued the accident and the death was caused by an idiopathic disease unrelated to employment.

This court rejects the contention, unsupported by authority save a bankruptcy definition of the term willful, that decedent's

speeding or failure to use seat belts could be classified as a willful failure to use a guard or safety equipment as that concept is defined in the Compensation act, as would render the accident not covered under the act as provided in 85 O.S.1991 § 11. As the record before this court stands, there is evidence a seat belt was not worn and his headlights were not observed. A willful failure in this regard carries an idea of premeditation, obstinacy and intentional wrongdoing. *Wise–Buchanan Coal Co. v. Ray,* 157 Okla. 197, 17 P.2d 360 (1932); *Gregory v. Oklahoma Operating Co.,* 139 Okla. 243, 282 P. 139 (1929); *Wick et al. v. Gunn et al.,* 66 Okla. 316, 169 P. 1087, 4 A.L.R. 107 (1918). There is no indication of evidence that would justify such a conclusion; to have found that type of willfulness would have been error on this record.

■ Petitioner also contends the death did not arise out of or in the course of employment with Big V Feeds because the general rule in Oklahoma is that commuting to and from one's workplace is not covered by the act. See, *McMurtrey v. American Association of Petroleum Geologists,* 383 P.2d 215 (Okla.1963). An exception is when the transportation is furnished by the employer, *Norvill v. Paul Hardeman, Inc.,* 377 P.2d 208 (Okla.1962). Another exception exists where the accident occurs on a dual purpose trip or the employee is charged with a special task, *F.W.A. Drilling Co. v. Ulery,* 512 P.2d 192 (Okla.1973). These and other exceptions arise because the basis for the rule seems to be that ordinarily a person's employment does not begin until he reaches his place of employment. *Fluor Engineers & Contractors, Inc. v. Kessler,* 561 P.2d 72 (Okla.1977). It is true the employee was no longer a traveling salesman at the time of this occurrence, and therefore, the exception applicable when the employment creates a necessity of travel is not applicable here. *Pepco v. Ferguson,* 734 P.2d 1321 (Okla.App. 1987). As a matter of evidence the record contains testimony that the decedent was engaged in a dual purpose trip, i.e. traveling to work and picking up grass seed for the store. It matters not that the record contains other evidence which the lower tribunal could have used to conclude there was in actuality no dual purpose, and that the evidence of the dual nature of the trip was either scant, inconsequential, or worthy of doubt from an interest standpoint. The Workers Compensation Court could have refused to give credence to any portion of the evidence, which, in its opinion, was not entitled to credence, *Bittman v. The Boardman Co.,* 560 P.2d 967, 969 (Okla.1977). What matters here is this determination is supported by factual matter in the record. Whether an injury arises out of and in the course of the employment presents an issue of fact, and the trial court's finding thereon is binding on the appellate courts if supported by competent evidence. *Thomas v. Keith Hensel Optical Labs,* 653 P.2d 201, 203 (Okla. 1982); *Pearl v. Associated Milk Producers, Inc.,* 581 P.2d 894 (Okla.1978). Since the record contains evidence that would support the finding it is impervious to modification on review.

■ The third allegation of error is that the death was not related to decedent's employment because it was the result of an idiopathic disease process. The rational behind this contention is that Mr. Boyd was a long term insulin dependent diabetic experiencing complications of increasing severity, and this should be considered the true cause of death. This allegation of error details decedent's medical problems and concludes that considering the totality of the circumstances, the logical conclusion is that Mr. Boyd died as a result of a disease process not related to the employment. The record shows, however, that the death was a direct result of an automobile accident. It is true that a contributing factor in the wreck's occurrence could have been the disease. This court is not afforded any authority, nor does the argument appear immediately well taken, that this circumstance would remove the accident from covered employment given the fact the accident was determined to have occurred during a dual purpose mission on the way to the workplace.

■■ Propositions of error unsupported by argument or citation of authority in the

brief are not considered on appeal. *Red River Const. Co. v. City of Norman,* 624 P.2d 1064 (Okla.1981). An argument in a brief which is unsupported by citation of authority is not sufficient to overcome the presumption in favor of the correctness of the trial court's decision and will not be considered. *Vaughn v. Texaco, Inc.,* 631 P.2d 1334 (Okla.App. 1981).

The controlling precept here is that the award made by the three judge panel is supported by competent evidence and must be, and is, sustained on review in this court.

SUSTAINED.

HANSEN, P.J., and JOPLIN, J., concur.