1998 OK CIV APP 154

Scott B. **FERRATON**, Petitioner,

v.

**BOB HOWARD AUTO MALL** and the Workers' Compensation Court, Respondents.

No. 90,847.

Court of Civil Appeals of Oklahoma, Division No. 1.

Sept. 25, 1998.

Rick L. Denker, Oklahoma City, Oklahoma, For Petitioner,

Kristin Blue Fisher, Feldman, Franden, Woodard & Farris, Oklahoma City, Oklahoma, For Respondents.

JOPLIN, Judge.

¶1 Petitioner Scott B. Ferraton (Claimant) seeks review of an order of a three-judge panel of the Workers' Compensation Court reversing the order of the trial court awarding Claimant benefits for accidental injury arising out of and in the course of Claimant's employment with Respondent Bob Howard Auto Mall (Employer). In this proceeding, Claimant asserts the three-judge panel erred in reversing the trial court's order, the evidence uncontrovertedly showing that Claimant sustained injury while operating a vehicle provided by Employer, i.e., where employer provided transportation to and from the place of employment, hence rendering Claimant's injury compensable as a matter of law.

¶2 Claimant suffered injury in a one-car accident while driving a vehicle provided by Employer from Employer's workplace to Claimant's residence in another town. Claimant filed a Form 3 asserting compensable injury arising out of and in the course of his employment.

¶3 At trial, Claimant testified that he lived in Enid, Oklahoma and worked for Employer as a car salesman at Employer's automobile dealership in Oklahoma City. Claimant further testified that when Claimant first went to work for Employer, Claimant drove his own vehicle to and from his workplace in Oklahoma City, but that recently, Claimant

requested and Employer provided a demonstrator vehicle for Claimant to drive, not only during Claimant's regular hours at the workplace, but also to and from Claimant's residence in Enid. Claimant averred that driving the demonstrator benefitted Employer by providing a "rolling billboard" advertisement for Employer, and that Employer required him to show the car to prospective customers not only while at work, but also on his days off, after hours and while on personal business.

¶4 Claimant also testified however that driving a company vehicle was not mandatory, that Employer did not compensate him for mileage to and from his residence, that Claimant paid for the gasoline used in the vehicle and that although Employer maintained insurance on the vehicle, Claimant bore the responsibility to pay the $1,000.00 insurance deductible in the event of damage to the vehicle. Claimant admitted that he bore the ultimate responsibility to find transportation to and from work, and that he would have been driving his own vehicle to and from work (and particularly, at the time of the accident) had Employer not provided him with a vehicle to drive. Claimant ultimately admitted that he was not on a job-related mission at the time of the accident, but was simply on his way home from work.

¶5 Another of Employer's employees testified that Employer provided vehicles to salesmen for advertising purposes, that Employer required the salesmen to keep the cars clean for showing at any time, and that Employer proscribed use of the vehicles by any other members of a salesman's family. The employee also testified that provision of the demonstrator was not intended to compensate Claimant for mileage to and from work, and that although a "perk" of the job, salesmen were not required to drive a demonstrator.

¶6 On this evidence, the trial court concluded that Claimant had suffered a compensable accidental injury arising out of and in the course of his employment. Employer appealed, and a three-judge panel unanimously reversed the order of the trial court, holding Claimant had suffered no injury arising out of and in the course of the employment. Claimant now seeks review in this Court.

¶7 "Oklahoma's jurisprudence has long recognized that a compensable work-related injury must both (1) occur in the course of and (2) arise out of the worker's employment. (Footnotes omitted.)" *American Management Systems, Inc. v. Burns,* 1995 OK 58, ¶5, 903 P.2d 288, 290. "The term 'in the course of employment' relates to the time, place or circumstances under which the injury is sustained," while "[t]he term 'arise out of employment' contemplates the causal connection between the injury and the risks incident to employment," i.e., *not* including an injury "stemming from a purely personal risk." *American Management Systems, Inc,* 1995 OK 58, ¶5, 903 P.2d at 290, 291, fn. 3, 4. Stated otherwise:

> ... [A] connection must be shown between the encountered causative risk that resulted in the worker's harm and the conditions of his/her employment. (Footnote omitted.) Risks purely personal — namely those which are not reasonably connected with the claimant's employment — are not compensable.

*Corbett v. Express Personnel,* 1997 OK 40, ¶7, 936 P.2d 932, 934.

¶8 It is thus generally recognized that injuries sustained by a worker while going to and coming from the workplace do not "arise out of" the employment. *See, e.g., Harris v. LaQuinta,* 1997 OK 50, ¶2, 937 P.2d 89, 90. "The basis for the rule seems to be that ordinarily a person's employment does not begin until he reaches his place of employment." *In the Matter of the Death of Boyd,* 1994 OK CIV APP 175, ¶4, 889 P.2d 1276, 1278.

¶9 However, there are numerous exceptions to the "going and coming" rule: (1) when the accidental injury is sustained while going to perform, or leaving after performing, a special task, outside of his or her regular hours and at the employer's request, (2) if the employer has agreed, as an incident to the employment, to transport the employee to and from the place of work, (3) where the job necessitates travel, or (4) where the employer pays travel expenses. *Harris,*

1997 OK 50, ¶ 2, 937 P.2d. at 90, fn. 2. "These exceptions rest on the law's awareness that in certain situations both the employer and the employee derive mutual benefit from the inclusion of travel in the course of employment." *Christian v. Nicor Drilling Company*, 1982 OK 76, ¶ 4, 653 P.2d 185, 186. Regarding the exception for employer-provided transportation:

An exception may be found when as an incident of the employment the employer is bound to furnish transportation. (Citation omitted.) ... The proper rule is set forth in the headnote in 99 C.J.S. Workmen's Compensation S 235a, pg. 834, as follows:

'Injury to an employee while being transported to or from work by means provided by his employer as an incident of the employment is held compensable; but in the absence of an agreement requiring the employer to furnish transportation, injury during transportation in a conveyance of the employer is held not compensable.'

. . .

'Where an employer, without agreement as to transportation conveys his employee to or from place of work merely as an act of courtesy, an accident occurring during journey is not covered by compensation act. (Citation omitted.)'

'Where employer gives employee a ride merely as matter of accommodation, such ride is a gratuity and not part of employment. (Citations omitted.)

'The transportation must be furnished not as an independent act of courtesy, but as an actual incident appertaining to the employment.' (Citations omitted.)

*Nineteenth Seed Company v. Townsend*, 1964 OK 183, ¶¶ 12–13, 394 P.2d 531, 533–534.

¶ 10 In the present case, the evidence showed Claimant's work did not require travel, and that at the time of the accident, Claimant was on no special mission for Employer, rather returning home in another town after his regular work hours. The evidence also showed that Employer paid Claimant no travel expenses, and had no obligation to provide Claimant with transportation; indeed, Claimant testified that he bore ultimate responsibility to get to and from work, and that would have been driving his own vehicle at the time of the accident but for Employer's provision of the demonstrator for his use. Claimant bore his own fuel expenses, and paid the not-insignificant insurance deductible in the event of damage to his demonstrator. Under these circumstances, we are unwilling to hold the mere provision of transportation, arguably as an accommodation to the employee while affording the employer some benefit, brings Claimant within the employer-provided-transportation exception to the "going and coming" rule. We consequently find competent evidence in the record to support a conclusion that notwithstanding Employer's provision of a demonstrator vehicle, Claimant was engaged in a purely personal mission commuting from work to his home at the time of the accident, i.e., that Claimant suffered no compensable injury arising out of and in the course of the employment. *See, e.g., Thomas v. Keith Hensel Optical Labs*, 1982 OK 120, 653 P.2d 201, 203 (Whether an injury arises out of and in the course of the employment presents an issue of fact, and the lower court's finding thereon binding on the appellate courts if supported by competent evidence.)

¶ 11 The order of the three-judge panel of the Workers' Compensation Court is therefore SUSTAINED.

JONES, V.C.J., and GARRETT, J., concur.