2000 OK CIV APP 77

**George F. FORTNA, Petitioner,**

v.

**U.S. EXPRESS, INC.; and the State Insurance Fund; and the Workers' Compensation Court, Respondents.**

**No. 94,007.**

Court of Civil Appeals of Oklahoma, Division No. 3.

May 12, 2000.

Scott Ash, Tulsa, Oklahoma, for Petitioner.

Vickie Akermann, Tulsa, Oklahoma, for Respondents.

## OPINION

HANSEN, Vice-Chief Judge:

¶1 The facts in this case are not in dispute. Claimant was an early morning courier employed by Respondent, U.S. Express, Inc. Each work day he would leave his home and go directly to his first "pick up" of the day. The last stop on his route was Respondent's office where he would deliver what he had picked up. Claimant used his own vehicle on the established route and was paid $100.00 a week for the deliveries.

¶2 Claimant was injured in an automobile accident on the way to his first pick up. He sought compensation for temporary total and permanent partial disability and vocational benefits for the injuries he sustained. The trial court found his injuries were not compensable because he was on his way to work. The court found his employment did not commence until he reached the first pick up point, basing its reasoning on *Ferraton v. Bob Howard Auto Mall,* 1998

OK CIV APP 154, 970 P.2d 196. We disagree.

¶3 In *Ferraton* the claimant was injured in an automobile accident while driving a vehicle provided by his employer from his workplace to his residence in another town. It was not mandatory that the claimant use a company vehicle and he was not paid for the gasoline used in the auto while commuting to and from his hometown. The Court emphasized that it is generally recognized injuries sustained by a worker while going to and coming from the workplace do not "arise out of" the employment. The decision further recognizes one of the exceptions to this general rule arises where the job necessitates travel. These exceptions rest on the law's awareness that in certain situations both the employer and the employee derive mutual benefit from the inclusion of travel in the course of employment. *Christian v. Nicor Drilling Company,* 1982 OK 76, 653 P.2d 185. In *Ferraton,* the claimant's job did not require travel. He remained on his employer's lot and sold cars. Ferraton was simply going home after work when he was injured.

¶4 This *Ferraton* scenario is easily distinguishable from the case at hand. A deliveryman injured in traffic is entitled to compensation. *Wallen v. Carriker,* 1937 OK 400, 70 P.2d 100. Where the nature of an employee's work makes it necessary for him to drive and such driving is a risk reasonably incident to his employment, the fact that an employee uses his own car rather than a vehicle owned by his employer does not preclude compensation. *See, Austin Drilling Company v. Rice,* 1980 OK CIV APP 28, 616 P.2d 446; *Oklahoma Natural Gas Company v. Williams,* 1981 OK 147, 639 P.2d 1222.

¶5 If the undisputed facts do not support the workers' compensation order, the order will be vacated. *Barre v. TCIM Services,* 1998 OK CIV APP 179, 971 P.2d 874. Claimant had no other reason for being on the route he was on when the accident occurred, other than his employment. This is not a going and coming case. Claimant was on the job. The court erred in finding Claimant was not in the course of his employment when he was injured.

¶ 6 ORDER VACATED AND CASE RE-MANDED WITH INSTRUCTIONS FOR FURTHER PROCEEDINGS TO DETERMINE THE NATURE AND EXTENT OF CLAIMANT'S INJURIES AND AWARD COMPENSATION ACCORDINGLY.

¶ 7 ADAMS, J., and JOPLIN, J., concur.