2010 OK CIV APP 98

**Tiffany Thomas PHILLIPS, on behalf of C.T., Plaintiff/Appellee,**

v.

**Justin Lynn WILLIAMS, Defendant/Appellant.**

**No. 107,285.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Sept. 9, 2010.

James R. Gotwals, Mary L. Gutierrez, James R. Gotwals & Associates, Inc., Tulsa, OK, for Plaintiff/Appellee.

N. Scott Johnson, N. Scott Johnson & Associates, PLLC, Tulsa, OK, for Defendant/Appellant.

JANE P. WISEMAN, Chief Judge.

¶ 1 Justin Lynn Williams appeals from the trial court's order awarding attorney fees and costs to Tiffany Thomas Phillips (Mother). The issues on appeal are whether the trial court erred (1) in quashing Williams' subpoena for Mother's financial information, and (2) in finding Williams had the ability to pay some of Mother's attorney fees and costs. After review of the appellate record, we find no error by the trial court, affirm its decision, and remand for the trial court to determine appellate attorney fees.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 On April 24, 2007, Mother filed a petition for protective order on behalf of her minor daughter, CT, alleging inappropriate touching by Williams, CT's paternal grandfather. At the time of filing, the trial court granted Mother an emergency protective order for the minor child.

¶ 3 After several continuances of the emergency protective order, the hearing on the protective order began on February 22, 2008.[1] The hearing continued on and off for

---

1. According to the docket sheet, the continuances of the protective order hearing were due to a combination of (1) allowing discovery, (2) accommodating a request to file a motion to appoint the public defender to represent the minor child, (3) disposing of a motion to disqualify Williams' attorney, (4) disposing of Williams' application for attorney fees and costs, (5) disposing of an application for order authorizing inspection, release and disclosure of a DVD related to the minor child, (6) disposing of a motion for forensic sexual abuse evaluation of the parties, and (7) disposing of an application for disclosure

several months concluding on September 4, 2008. In an order filed October 2, 2008, the trial court granted Mother on behalf of the minor child a final order of protection against Williams "for a period of 1 year and 6 months, until the 22nd day of April, 2010, and [Williams] is ordered to pay the costs of these proceeding[s]."

¶4 On October 31, 2008, Mother filed an "Application for Attorney's Fees, Witness Fees and Costs" contending she was entitled to such fees and costs in the amount of $50,791.09 "pursuant to the provisions of 22 O.S. § 60.2(C)(1), 12 O.S. § 942, *City Natl. Bank & Trust Co. v. Owens,* 1977 OK 86, 565 P.2d 4, and this Court's inherent power."

¶5 On November 5, 2008, Williams issued a subpoena duces tecum requesting documentation and information regarding Mother's payments to her attorney, her future obligations for payments to her attorney, and any communications regarding payments to her attorney. On November 14, 2008, Mother filed a motion to quash the subpoena duces tecum objecting to production of the documents based on attorney-client privilege and work product. Mother also objected on the basis of relevance arguing that such documentation is not relevant to determining whether Williams has the ability to pay as set forth in 22 O.S. Supp.2009 § 60.2(C)(1). On January 6, 2009, the trial court granted Mother's motion to quash.

¶6 On February 5, 2009, Williams filed a response to Mother's application for attorney fees arguing he has no ability to pay "any portion of the attorney's fees, witness fees and costs incurred by [Mother] in this matter." Williams further argued that Mother "has the ability to pay her attorney's fees and costs and has in fact, paid same, while [Williams] continues to owe a substantial amount of monies to his attorney and Bart Trentham[2] which [Williams] is required to pay out on a monthly basis."

¶7 After an evidentiary hearing on Mother's application for attorney fees and costs, the trial court found as follows:

of the complete file of the child's therapist and the investigating detective.

59. The Court finds that based on the evidence presented in the form of [Williams'] testimony, bank statements, and monthly expenditures, that [Williams] has some ability to pay some portion of the attorney's fees and costs requested by Mother.

60. That the portion of the attorney's fees and costs should be offset by the judgment previously awarded [Williams] for attorney fees and costs in the amount of $1,250.00.

61. Offsetting the judgment previously granted in favor of [Williams] against [Mother] entered and filed herein on January 11, 2008, and reducing the amount of fees based upon the limited ability of [Williams] to pay, the Court finds that [Mother] is entitled to an award of $19,750.00, for which the Court grants judgment against [Williams] and in favor of [Mother].

Williams appeals.

### STANDARD OF REVIEW

■ ¶8 "Statutory construction presents a question of law which is subject to *de novo* review." *St. John Med. Ctr. v. Bilby,* 2007 OK 37, ¶2, 160 P.3d 978, 979. Whether a party is entitled to an attorney fee award presents a question of law subject to *de novo* review. *Finnell v. Jebco Seismic,* 2003 OK 35, ¶7, 67 P.3d 339, 342.

■ ¶9 Proceedings under the Protection from Domestic Abuse Act, 22 O.S.2001 & Supp.2009 §§ 60–60.18, are reviewed for an abuse of discretion. *Curry v. Streater,* 2009 OK 5, ¶8, 213 P.3d 550, 554. "Under an abuse of discretion standard, the appellate court examines the evidence in the record and reverses only if the trial court's decision is clearly against the evidence or is contrary to a governing principle of law." *Id.*

■ ¶10 However, because the trial court found Mother was entitled to fees and costs with the granting of the final protective order, the question we must answer is whether the amount of costs and fees awarded to Mother is reasonable based on Williams' abil-

2. This is Williams' expert witness.

ity to pay. "When a question on appeal presents the issue of reasonableness of attorney's fees awarded by the court, abuse of discretion by the trial judge is the standard of review." *State ex rel. Burk v. City of Oklahoma City,* 1979 OK 115, ¶ 22, 598 P.2d 659, 663.

## ANALYSIS

### I. Mother's Financial Information

¶ 11 Williams first argues the trial court erred in precluding him from obtaining Mother's financial documentation and/or information as requested in the subpoena duces tecum:

> That the trial court allowing testimony on issues contrary to that which she relied on in ruling on the Motion to Quash without reconsidering the ruling on the Motion to Quash and allowing the documents requested was error and prejudiced [Williams'] counsel from being able to effectively cross examine [Mother] and her witnesses on the payment of monies for attorney fees, credits and fees/expenses actually paid.

During the hearing on the application for attorney fees and costs, the trial court stated that at the time of the hearing on the motion to quash, all of Mother's fees were "paid in full" thereby making the production of the requested documents irrelevant. The trial court then stated during the hearing on fees and costs that "[i]f the fees are not paid in total, then I'm going to allow [Mother] to present what [she] need[s] to present to show the Court what's not paid so far. We'll continue along those lines."

¶ 12 Williams objected to the trial court's ruling arguing as follows:

> So now what we're at is I don't have any of these documents that I wanted, the billing statements, those sorts of things. I couldn't look at any of that, determine if I needed to call her as a witness, because this Court stated, Mr. Johnson, it's not relevant. It's all been paid.

Now what we have is me having requested documentation to defend in a motion for not only fees and costs that they're now saying are not paid, and the Court ruled accordingly, now they say they're unpaid, and I think that changes the terrain of the litigation and whether or not I would be entitled to the documentation in support of what they're saying is unpaid.

Mother's counsel responded as follows:

> With all due respect, Your Honor, the documentation is before the Court in exhibits that we intend to offer, and secondarily, I don't think he's entitled to it even if they were unpaid wholly. I don't think that's a relevant inquiry for the Court.

In her appellate brief, Mother again argues that

> nothing in 22 O.S. § 60.2(C) gives any credence or relevance whatsoever to whether or not the prevailing party's fees have been paid, how they have been paid or otherwise. The only prerequisite of relevance under the statute is the trial court's determination of whether or not the defendant has the ability to pay.

¶ 13 Mother reasons that the trial court properly precluded Williams from obtaining the financial information to determine Mother's ability to pay, "regardless of whether the order was premised on the Court's understanding that all of Mother's fees and costs were paid in full or not." Put differently, Mother asserts that her testimony regarding the amount actually paid was immaterial and irrelevant to determining Williams' ability to pay fees and costs pursuant to 22 O.S. Supp. 2009 § 60.2(C).

¶ 14 Aside from the fact Williams cites no authority to suggest how the trial court's ruling was erroneous, we agree with Mother that the plain language of the statute does not include any provision for considering whether the plaintiff or victim has the ability to pay her own fees [3]:

> Except as otherwise provided by this section, *no filing fee, service of process fee, attorney fees or any other fee or costs shall*

---

3. According to 22 O.S. Supp.2009 § 60.2(C)(2), the only time costs and fees may be assessed against a plaintiff is when the "court makes

specific findings that a petition for a protective order has been filed frivolously and no victim exists." This exception does not apply here.

*be charged the plaintiff or victim at any time for filing a petition for a protective order whether a protective order is granted or not granted.* The court may assess court costs, service of process fees, attorney fees, other fees and filing fees against the defendant at the hearing on the petition, if a protective order is granted against the defendant; provided, the court shall have authority to waive the costs and fees if the court finds that the party does not have the ability to pay the costs and fees.

22 O.S. Supp.2009 § 60.2(C)(1)(emphasis added). "Courts must 'if possible, construe a statute to give every word some operative effect' and vigorously 'resist reading words or elements into a statute that do not appear on its face.'" *Oklahoma City Zoological Trust v. State ex rel. Public Employees Relations Bd.*, 2007 OK 21, ¶ 6, 158 P.3d 461, 464 (footnotes omitted). " 'It is for [this court] to ascertain [the meaning of these words]-neither to add nor to subtract, neither to delete nor to distort.'" *Id.* (footnote omitted). "It is presumed 'the Legislature expressed its intent in the statute ... and ... intended what it expressed.'" *Id.* (footnote omitted).

¶ 15 Additionally, the purpose of the statute is to "encourage[ ] victims to pursue their legal remedies in court without the threat of attorney fees being awarded [against them]." *Alford v. Garzone,* 1998 OK CIV APP 105, ¶ 15, 964 P.2d 944, 948. The Supreme Court of Oklahoma has upheld the constitutionality of this statute awarding fees and costs only to the successful plaintiff and not to a successful defendant finding it to be "bottomed on a rational basis" and serving a "compelling public interest." *Thayer v. Phillips Petroleum Co.,* 1980 OK 95, ¶ 15, 613 P.2d 1041, 1045. Consequently, "the district court is not authorized to award attorney fees to a successful defendant." [4] *Alford,* 1998 OK CIV APP 105 at ¶ 15, 964 P.2d at 948. With the circumstances as presented, Williams cannot recover fees and costs against Mother. As a result, any evidence offered relating to Mother's ability to pay her own fees and costs or related to payment or nonpayment is immaterial to the trial court's

assessment of Williams' ability to pay. We find no basis on which to conclude that the trial court erred in its decision to preclude him from obtaining financial information from Mother.

## II. Williams' Ability to Pay

¶ 16 Williams asserts the trial court exceeded its authority pursuant to 22 O.S. Supp.2009 § 60.2(C) when it allowed Mother to present evidence as to expenses incurred from the child's therapist. In his brief, Williams "suggests that the 'costs' associated with the testimony of an expert witness were not the type anticipated and/or indicated by statute." There is no authority or citation offered in the brief for this argument. We need not on appeal "consider assignments of error unsupported by convincing argument or authority, unless it is apparent without further research that they are well taken." *Beets v. Metropolitan Life Ins. Co.,* 1999 OK 15, n. 7, 995 P.2d 1071; *see also In re Death of Boyd,* 1994 OK CIV APP 175, ¶ 6, 889 P.2d 1276, 1278–79 ("An argument in a brief which is unsupported by citation of authority is not sufficient to overcome the presumption in favor of the correctness of the trial court's decision and will not be considered."); Supreme Court Rule 1.11(k), 12 O.S. Supp.2009, ch. 15, app. 1 ("Argument without supporting authority will not be considered.") Because Williams offers no authority supporting his proposition that costs associated with the testimony of an expert witness are not "the type anticipated and/or indicated by statute," we will not further address this argument.

¶ 17 Williams next asserts the trial court's ruling finding he had an ability to pay some of the fees and costs is not supported by the evidence and created a "manifest hardship." Both parties agree there are no Oklahoma cases interpreting "ability to pay" in the context of assessing fees and costs in a protective order hearing, and each party relies on cases from other areas of Oklahoma law.

¶ 18 Williams relies on *Hubbard v. State,* 2002 OK CR 8, 45 P.3d 96, to support his argument that the trial court created a mani-

4. *See supra* note 3.

fest hardship for him when it determined he had a "limited ability to pay" fees and costs in the amount of $19,750. Mother also relies on this case. In *Hubbard*, the Court of Criminal Appeals found: "The district court's discretion in assessing incarceration costs is limited to determining whether assessment would create a 'manifest hardship' upon the defendant, or whether the defendant's financial responsibilities to his or her dependents would make restitution impracticable." *Id.* at ¶ 6, 45 P.3d at 99. The Court held that the trial court properly considered whether the assessment of costs would create a manifest hardship for him or his dependents finding that he "had the ability to pay based on his age, health, and work experience." *Id.* at ¶ 7, 45 P.3d at 99.

¶ 19 Mother also relies on *Strock v. Strock*, 1993 OK CIV APP 173, 865 P.2d 1272, and *Drake v. Drake*, 1940 OK 148, 100 P.2d 887. In *Strock*, the Court of Civil Appeals found that for purposes of determining support alimony, the trial court considers factors "including need for support and ability to pay." *Strock*, 1993 OK CIV APP 173 at ¶ 4, 865 P.2d at 1274. In this case, the husband expected to receive "a special separation benefit payment from the Army in the approximate gross amount of $54,000.00" which the trial court found to be the husband's separate property. *Id.* at ¶ 5, 865 P.2d at 1274. After considering husband's and wife's education levels, work experience, employment, and the husband's future expectancy of monies, this Court affirmed the trial court's determination that wife properly demonstrated she needed support and that husband had the ability to pay support alimony in excess of wife's request. *Id.* In *Drake*, the Supreme Court of Oklahoma affirmed the trial court's award of support alimony finding the husband's ability to pay resulted in part from an increase in equity in mortgaged property. *Drake*, 1940 OK 148 at ¶¶ 11–12, 100 P.2d at 887.

¶ 20 In addressing the question of fees and costs to be assessed when a protective order has been granted, the trial court has authority to waive them if it finds the defendant does not have the ability to pay. 22 O.S. Supp.2009 § 60.2(C)(1). To recover fees and costs, it is incumbent on the plaintiff or victim who has been granted a protective order to present competent evidence establishing the reasonable fees and costs to which the plaintiff or victim is entitled for prosecuting the petition for protective order. If the defendant wishes the court to waive some or all of those fees and costs, a defendant must then come forward with competent evidence establishing the inability to pay the requested fees and costs.

¶ 21 The record shows Mother presented evidence as to the fees and costs she incurred in prosecuting the petition for protective order. Williams presented evidence regarding his inability to pay the requested fees and costs. As set forth in its order, the trial court considered evidence presented in the "form of [Williams'] testimony, bank statements, and monthly expenditures" in assessing whether Williams had the ability to pay fees and costs and, if so, how much. Although Mother requested an award of $50,791.09, the trial court reduced this amount to $19,750 based on "the limited ability of [Williams] to pay" and an offset for a judgment previously awarded to Williams for fees and costs.

¶ 22 After review of the record and applicable law, we conclude the amount of costs and fees awarded to Mother by the trial court based on Williams' ability to pay is well within the evidence presented. Although there was competent evidence to the contrary, there was also competent evidence to support the trial court's judgment. The trial court assessed the credibility of the witnesses, weighed the evidence, and found that although Williams did not have the ability to pay the entire amount requested, he did have a "limited" ability to pay some of the fees and costs. " 'We do not reweigh the trial court's findings of evidentiary matters. . . . Even though the evidence may conflict, the appellate court is bound by the fact finder's assessment of it, absent legal error.' " *Fields v. Independent Sch. Dist. No. 1 of Tulsa County*, 2002 OK CIV APP 109, ¶ 15, 84 P.3d 779, 784 (quoting *Hawzipta v. Independent Sch. Dist. No. I–004 of Noble County*, 2000 OK CIV APP 113, ¶ 10, 13 P.3d 98, 101). We will not disturb on appeal for abuse of discretion a decision based on conflicting evidence where the evidence reasonably tends to support the trial court's decision. The trial

court's judgment in the amount of $19,750 based upon Williams' limited ability to pay fees and costs is affirmed.

### III. *Appellate Attorney Fees*

¶ 23 Mother also requests an award of appeal-related attorney fees. "Whenever there is statutory authority ... to award attorney fees in the trial of a matter, the prevailing party may be awarded additional fees for additional legal services rendered in the appellate court." *State ex rel. Dep't. of Transp. v. Carter,* 2005 OK 7, ¶ 6, 107 P.3d 593, 594. We grant Mother's request for appeal-related attorney fees and remand pursuant to 12 O.S. Supp.2009 § 696.4(C) for the trial court to determine the appropriate amount.

### CONCLUSION

¶ 24 The trial court properly denied Williams' request for Mother's financial information and properly found that Williams has a limited ability to pay fees and costs in the amount of $19,750. We accordingly affirm these decisions of the trial court. We also grant Mother's request for appeal-related attorney fees and remand for a determination of the amount by the trial court.

¶ 25 **AFFIRMED AND REMANDED.**

FISCHER, P.J., and BARNES, J., concur.