MURPHY v. STATE ELECTION BOARD et al. (VANDEGRIFT, Intervener).

No. 34686. May 23, 1950.

218 P. 2d 917.

Suits, Weiss & Berry, of Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., for defendants.

Leon Shipp, of Oklahoma City, for intervener.

ARNOLD, V.C.J. This is an original proceeding in mandamus to require the State Election Board to place the name of petitioner, R. W. Pat Murphy, as candidate for Corporation Commissioner, on the state primary ballot to be submitted to the electors July 4, 1950.

The pertinent facts are not in dispute.

The petitioner filed his notification and declaration as candidate for Corporation Commissioner with the State Election Board April 24, 1950. It was in usual form. A protest petition was filed by intervener and notice of hearing thereon was given. At the time of hearing the Board entertained and sustained the objection of the intervener to the introduction of any evidence by Murphy on the ground and for the reason that the prescribed pre-filing procedure hereinafter set forth was not complied with.

The order of the Board in striking the name of the petitioner was based solely on the authority of 26 O. S. 1947 Supp. §162c, subdivision (c), and its action is defended on the sole ground that petitioner falls in the classification therein described and that his filing was a nullity because he had not filed a preliminary notification and declaration with the required affidavits with the Secretary of the State Election Board at least 15 days before the date fixed for filing for state and national offices.

26 O. S. 1947 Supp. §162c, subd. c, provides in part:

"Any person falling within the following classification shall comply with the hereinafter prescribed pre-filing period procedure as a condition precedent to filing for any State or National Office:

"(a) Any person desiring to file as a candidate for any such office whose name is identical with the incumbent of or any publicly announced candidate for such office, or similar thereto, where it appears that the identity or similarity of names is used for the purpose of confusing the voters.

"(b) Any person desiring to file as a candidate for any such office who adopts or has adopted a name identical or similar with that of the incumbent of such office, or of any candidate who has previously made public announcement of his or her candidacy for such office.

"(c) Any person desiring to file as a candidate for any such office who adopts, appropriates, uses or purloins the name of any person of State or National reputation, living or dead, or of any hero, public official, military general, or any well-known individual or celebrity."

The Act further provides:

"Such attempted filings shall prima facie be deemed frivolous, and any

such person coming within the provisions of this Act shall, before he is permitted to have his name placed on the ballot, file a preliminary notification and declaration with the Secretary of the State Election Board at Oklahoma City at least fifteen days prior to opening of the filing period for such offices. Said notification and declaration shall be accompanied by at least twenty-five (25) affidavits of bona fide citizens of Oklahoma attesting the sincerity, honesty and good faith of such person seeking to file under the provisions of this Act."

Petitioner admits that he did not comply with the last-quoted provision of the statute, but contends that he does not fall within the classification of sections 162c, subdivision (c), and, therefore, the preliminary notification and declaration with accompanying affidavits did not apply to him.

No other ground of attack having been leveled at the filing of the petitioner, it is obvious that he is entitled to the relief sought if he does not fall within the classification described in subdivision (c), supra.

It will be noted that the first subdivision of section 162c deals with the filing of one whose name is "identical with" or "similar" to that of an incumbent or publicly announced candidate where it appears that the "identity" or "similarity" of names is used with the purpose of confusing the voters.

It will also be noted that the pre-filing procedure is made applicable by the second subdivision of the section to one who desires to file for an office whose adopted name is "identical" with or "similar" to that of the incumbent of the office, or one who has previously announced his candidacy for the office.

It is clear that the Legislature intended to and did define and set forth three separate and distinct classifications and made them subject to the foregoing precedent pre-filing procedural provisions. We may not by judicial interpretation add to those classifications, but must accord the language used by the Legislature, it being unambiguous, its fair, reasonable, plain and ordinary import or meaning. The circumstances all indicate that the Legislature used the language it did use in subdivision (c) advisedly and in its ordinary sense.

It knew that if the name of any person had a state or national reputation, those who might be influenced thereby would observe dissimilarity and not be confused by the use of a similar but substantially different name. This fact might have caused the Legislature to leave off the expression, "or similar thereto", used in the first two subdivisions.

By the plain import of the language used in said subdivision, one who appropriates, adopts, uses or purloins the same name of any person, dead or alive, of state or national reputation, falls within this classification. One who adopts, appropriates, or uses a substantially different name, though similar, does not fall within this classification because the Legislature did not so provide.

We think, and therefore hold, that the name R. W. Pat Murphy is substantially different from W. A. Pat Murphy and the petitioner does not fall in classification (c). The difference in the two names is apparent. If W. A. Pat Murphy is the name of a person of statewide reputation, the dissimilarity between that name and R. W. Pat Murphy would likely be discerned and recognized. Perhaps for this reason the Legislature saw fit not to include persons having similar names in this classification.

Writ granted.