Walter Kris HOSS, Plaintiff-Appellee,

v.

STATE of Oklahoma ex rel. DEPART-
MENT OF PUBLIC SAFETY,
Defendant-Appellant.

No. 64212.

Court of Appeals of Oklahoma,
Tulsa Divisions.

Feb. 17, 1987.

Rehearing Denied April 27, 1987.

Certiorari Denied June 16, 1987.

Christopher J. Grant, Tulsa, for plaintiff-appellee.

Earl L. Reeves, Jr., Oklahoma City, for defendant-appellant.

BRIGHTMIRE, Presiding Judge.

The issues raised by defendant-appellant, State of Oklahoma, ex rel. Department of Public Safety, are: (1) Whether the trial judge had subject matter jurisdiction to reduce the driver's license revocation period imposed on plaintiff-appellee, Walter Hoss, as the result of convictions—based on guilty pleas—of two alcohol-related driving offenses; and (2) If so, did he err in reducing the period of revocation ordered by D.P.S.

I

The operative facts are not in dispute. Plaintiff licensee was arrested December 31, 1983, and charged with being in Actual Physical Control (APC) of a motor vehicle while intoxicated. Eight days later licensee was arrested again and charged with Driving Under the Influence (DUI) of intoxicants.

On February 16, 1984, he appeared in the District Court of Tulsa County and pleaded guilty to both charges. He was fined and given a one-year suspended sentence for each offense.

On April 27, 1984, defendant D.P.S. issued two license revocation orders under authority said to be granted by 47 O.S. Supp.1986 § 6–205. The first was based on the APC conviction and was for twelve

months from the date plaintiff surrendered his license. The second order was based on the DUI conviction and was for twenty-four months from the date of the order—April 27, 1984.

Plaintiff surrendered his license and took no further action with regard to the matter until February 21, 1985, when he filed this lawsuit which he entitled "Appeal of Order Denying Driver's License". In his short petition he said simply that his driver's license had been revoked; that the trial court was vested with "original jurisdiction to hear said appeal under Title 47 O.S., Section [sic] 755 and 6–211"; and that because "revocation of the drivers [sic] license of the plaintiff would cause an extreme and unusual hardship [he] therefore requests that the Court modify the revocation ... to allow the plaintiff to drive to and from work or in the course of employment" or, alternatively, find that "the period of revocation imposed by [D.P.S.] is in excess of that proscribed [sic] by law and should be modified."

Both parties submitted briefs. Although a transcript of proceedings indicates that a hearing was held on March 25, 1985, an order filed May 7, 1986, recites that a hearing was held on March 21, 1985, at which time the court found that both revocation orders should be upheld but that the second one should be modified downward from twenty-four to twelve months.

D.P.S. appeals insisting that because subject revocations were mandatory the trial court had no jurisdiction to disturb either.

## II

Plaintiff recognizes that the original jurisdiction which 47 O.S.1981 § 6–211(a) vests in the district court to hear a petition challenging a license revoked by D.P.S. is subject to an exception, namely, "where such ... revocation is mandatory." And even where an appeal is permissible the same statute (§ 6–211(d)) requires such a petition to be filed "within thirty (30) days after the order [of revocation] has been served upon the licensee." Plaintiff concedes that the twelve-month revocation order is "manda-

tory" but contends that the second order is not because it calls for an "excessive" period of revocation—more than one year—and therefore could not have been appealed until the mandatory period of the first order had expired.

Plaintiff's somewhat esoteric argument is that the provision of the revocation statute, 47 O.S.Supp.1986 § 6–208, which calls for a mandatory revocation period of twenty-four months if one's license has been "twice revoked" pursuant to the provisions of § 6–205—a statute which among other things requires "forthwith" revocation of the license of a driver who has been *convicted* of APC or DUI—may be likened unto our "second and subsequent offense" statute (21 O.S.1981 § 51) to achieve a comparable result. This means, says plaintiff, that the second revocation must be for an offense that occurred after a conviction and here both offenses occurred before there was any conviction.

■ Such reasoning veers awfully close to sophistry. The enhanced sanctions prescribed in 21 O.S.1981 § 51 specify punitive enhancement when one *"commits* any *crime* after such *conviction."* (Emphasis added). By comparison the enhancement provision of the revocation statute—§ 6–208(b)(3)—does not refer to a commission/conviction sequence but simply to a "twice revoked" predicate—a predicate established when the second mandatory revocation order was issued. Whatever might be said about the sufficiency of the language of § 6–208 the fact remains that the second order clearly provided that D.P.S. was not going to issue a new license to plaintiff for twenty-four months and, assuming such order was appealable, it had to be challenged within the thirty-day statutory period.

## III

■ We hold (1) that the twenty-four month disfranchisement prescribed in the second D.P.S. order was mandatory, and (2) whatever appeal rights plaintiff had under § 6–211 expired thirty-one days after the April 27, 1984, revocation orders were served on him. It follows, therefore, that

the trial court was without authority to modify the second revocation order and consequently its modification order of March 21, 1985, is vacated and the D.P.S. order bearing case No. 480341443 is reinstated.

REIF and STUBBLEFIELD, JJ., concur.