2013 OK CIV APP 105

**Abraham ALEM, Plaintiff/Appellant,**

**v.**

**STATE of Oklahoma ex rel. DEPART-MENT OF PUBLIC SAFETY, Defendant/Appellee.**

**No. 111698.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Oct. 15, 2013.

John E. Hunsucker, Hunsucker Legal Group, Oklahoma City, Oklahoma and A. DeAnn Taylor, A. DeAnn Taylor, P.C., Ardmore, Oklahoma, for Plaintiff/Appellant.

Joanne Horn, Oklahoma Department Of Public Safety, Oklahoma City, Oklahoma, for Defendant/Appellee.

JANE P. WISEMAN, Judge.

¶ 1 Plaintiff Abraham Alem appeals an order of the trial court sustaining the revocation of his driver's license by Defendant Oklahoma Department of Public Safety (DPS) and dismissing his appeal for lack of jurisdiction. Based on our review of the facts and relevant law, we reverse and remand for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 Alem was arrested for driving under the influence in Cleveland County on August 6, 2011, and his license was revoked the same day after refusing to submit to a chemical test. Alem received an administrative hearing on May 7, 2012, and DPS entered an Implied Consent Hearing Order sustaining the 180–day revocation. DPS mailed the order on May 17, 2012. Alem appealed to the Cleveland County District Court on June 26, 2012.

¶ 3 During a hearing on July 31, 2012, the trial court raised the issue of jurisdiction stating it did not appear the petition had been timely filed. After hearing argument on the question, the trial court concluded the petition had not been timely filed and dismissed Alem's appeal as memorialized in an order filed on March 28, 2013. On December 3, 2012, Alem filed a "motion to reconsider or vacate or in the alternative motion for new trial" which the trial court denied on March 28, 2013.

¶ 4 Alem appeals.[1]

## STANDARD OF REVIEW

¶ 5 "Unless the lower court's rulings are found to be erroneous as a matter of law, or unsupported by evidentiary foundation, the appellate courts will not disturb the findings made." *Hollis v. State ex rel. Dep't of Pub. Safety,* 2008 OK 31, n. 4, 183 P.3d 996. We review questions of law *de novo. Justus v. State ex rel. Dep't of Pub. Safety,* 2002 OK 46, ¶ 3, 61 P.3d 888, 889.

¶ 6 We also review *de novo* a legal question regarding statutory interpretation-that is, we will conduct "a non-deferential, plenary and independent review of the trial court's legal ruling." *Heffron v. District Court of Oklahoma Cnty.,* 2003 OK 75, ¶ 15, 77 P.3d 1069, 1076.

## ANALYSIS

¶ 7 The question we address on appeal is whether Alem's petition was timely filed according to Oklahoma law thus giving the Cleveland County District Court jurisdiction over the case.

¶ 8 Section 6–211 of Title 47 governs a person's right to appeal to the district court when driving privileges have been cancelled, denied, suspended or revoked by DPS. "A person whose driving privilege is revoked or denied ... may appeal to the district court in the county in which the arrest occurred relating to the test refusal or test result, as shown by the records of [DPS]." 47 O.S.2011 § 6–211(D). "The petition shall be filed within thirty (30) days after the order has been served upon the person, except a petition relating to an implied consent revocation shall be filed within thirty (30) days *after [DPS] gives notice to the person that the revocation is sustained* as provided in Section 754 of this title." 47 O.S.2011 § 6–211(E)(emphasis added).

¶ 9 Alem filed his petition to appeal the DPS order pursuant to 47 O.S. § 6–211 alleg-

---

1. Alem's post-trial motion was filed before the trial court entered its final order dismissing his appeal. As provided in 12 O.S.2011 § 653(C) and Supreme Court Rule 1.22(c)(1), 12 O.S.2011, ch. 15, app. 1, Alem's post-trial motion will thus be deemed filed immediately after the filing of the March 28, 2013 order, therefore falling within the 10–day window for a timely § 651 motion for new trial. 12 O.S.2011 § 653(A).

ing that DPS mailed the implied consent revocation order on May 17, 2012. In the lower left hand corner, the order states "DATE MAILED: 5/17/12 CC." Alem filed the petition on June 26, 2012, forty days after DPS indicates it mailed the order.

¶ 10 Because § 6–211(E) requires DPS to give notice to the person that the revocation has been sustained, Alem argues DPS has the burden of proof establishing service of the notice. Alem asserts that "[i]f DPS cannot or will not show such proof, then there is a presumption that the notice was received by the tenth (10th) day of mailing." Relying on 47 O.S.2011 § 2–116, Alem maintains that "[p]roof of receipt of the notice is not a burden on the plaintiff/licensee, it is a burden statutorily placed on DPS if a Petition is filed after the thirtieth (30th) day but by the fortieth (40th) day." Alem asserts "[t]here is only a 'presumption' that notice is received within ten (10) days .... [which] can be overcome by other evidence." Title 47 section 2–116 states:

> Whenever [DPS] is authorized or required to give any notice under this act or other law regulating the operation of vehicles, unless a different method of giving such notice is otherwise expressly prescribed, such notice shall be given either by personal delivery thereof to the person to be so notified or by deposit in the United States mail of such notice in an envelope with first class postage prepaid, addressed to such person at the address as shown by the records of [DPS]. *The giving of notice by mail is complete upon the expiration of ten (10) days after such deposit of said notice.* Proof of the giving of notice in either such manner may be made by the certificate of any officer or employee of [DPS] or affidavit of any person over eighteen (18) years of age, naming the person to whom such notice was given and specifying the time, place and manner of the giving thereof. Failure of the person to receive notice because of failure to notify [DPS] of a change in his or her current mailing address, as required by Section 6–116 of this title, shall not be sufficient

grounds for the person to protest the notice.

47 O.S.2011 § 2–116 (emphasis added).

¶ 11 Alem interprets this statute as providing an extension of ten days to file a petition only in cases where DPS fails to provide proof of the date notice was received. Because the order does not contain a "certificate" or "affidavit" as required by § 2–116, Alem argues DPS failed to establish "proof of notice," and "notice" is "presumed to occur on the tenth (10th) day after mailing by regular mail unless [he] can show notice was not received until after that date."

¶ 12 In response, DPS argues these two statutes do not work together to give a plaintiff an additional ten days in which to file a petition. DPS asserts that Alem "incorrectly argues the rebuttable presumption must be applied *before* the Statute of Limitation commences, in effect increasing the time to file a petition by ten (10) days from the DPS mailing date." DPS contends the issue is when Alem "*received* the [o]rder, not when **the DPS could presume** [he] received the order." According to DPS, the statute of limitations gives Alem 30 days from the date he *received* the order to file his petition and he has the burden to prove such receipt. In support of this argument, DPS relies on *Hoss v. State ex rel. Department of Public Safety,* 1987 OK CIV APP 8, 738 P.2d 958, which concluded that "whatever appeal rights plaintiff had under § 6–211 expired thirty-one days after the ... revocation orders were served on him." *Id.* at ¶ 11, 738 P.2d at 959.

¶ 13 "The language of an entire act is afforded a 'reasonable and sensible construction' in a manner consistent with other statutes." *Oklahoma City Zoological Trust v. State ex rel. Pub. Emps. Relations Bd.,* 2007 OK 21, ¶ 6, 158 P.3d 461, 464 (quoting *Udall v. Udall,* 1980 OK 99, ¶ 11, 613 P.2d 742, 745). The Supreme Court has stated the well-established rule as follows:

> It is presumed "the Legislature expressed its intent in the statute ... and ... intended what it expressed." When the language of the statute is plain, it will be followed without further inquiry. When further inquiry is needed, this court is "not

free to rewrite the statute.... [T]he sole function of the courts—at least where the disposition [called for] by the text is not absurd-is to enforce [the statute] according to its terms." Courts must "if possible, construe a statute to give every word some operative effect" and vigorously "resist reading words or elements into a statute that do not appear on its face". The legislature expresses its purpose by words. "It is for [this Court] to ascertain [the meaning of these words]-neither to add nor to subtract, neither to delete nor to distort."

*Id.* (quoted case citations omitted).

■ ¶ 14 In arguing that the two statutes in question are unrelated, DPS disregards a fundamental principle of statutory interpretation: "[A]ll relevant portions of the statute and related enactments must be considered together, where possible, so that force and effect is given to each." *Hulett v. First Nat'l Bank and Trust Co.,* 1998 OK 21, ¶ 23, 956 P.2d 879, 886. Using the unambiguous and plain meaning of the language in both provisions, we conclude § 6–211 and § 2–116 are to be read together to ensure a licensee is adequately provided notice of the revocation order and time to appeal when DPS gives notice of them "by deposit in the United States mail ... with first class postage prepaid" as set forth in § 2–116.

■ ¶ 15 Section 6–211(E) states that the petition must be filed within 30 days after DPS "gives notice to the person that the revocation is sustained as provided in Section 754 of this title." 47 O.S.2011 § 6–211(E). Section 754 of Title 47 requires DPS to follow § 2–116 when it provides written notice to a licensee regarding a revocation. 47 O.S.2011 § 754(C). Section 2–116 states:

[W]henever [DPS] is authorized or required *to give any notice under this act* or other law regulating the operation of vehicles, unless a different method of giving notice is otherwise expressly prescribed, such notice shall be given either by personal delivery ... or by deposit in the United States mail of such notice in an envelope with first class postage prepaid.

(Emphasis added.) Although DPS argues that § 2–116 merely "relays general information about the DPS operations," there can be no argument that it applies to notices given pursuant to § 6–211.

■ ¶ 16 We cannot disregard § 2–116 in determining the commencement of the 30–day period in which to file a petition with the district court. We note that the record contains no certificate or affidavit of mailing by any DPS employee in compliance with § 2–116; nevertheless, Alem does not dispute that DPS mailed the order to him on May 17, 2012, by deposit in the United States mail or that he received the order. But, the record is silent on when Alem received the order. DPS maintains that a "trial court cannot determine when the period of limitation began if the record contains no evidence of the date the Order was *received.*" We agree, and find this to be further evidence of the Legislature's contemplation and resolution of this problem by providing that "[t]he giving of notice by mail is *complete* upon the expiration of ten (10) days after [ ] deposit of such notice." 47 O.S.2011 § 2–116 (emphasis added). Section 2–116 eliminates the needless expenditure of DPS and judicial time and resources in ascertaining the date of actual delivery when notice is given by first-class mail, as in this instance. If the record is clear on the date of receipt—by personal delivery or certified mail, for instance—the 30–day period to file an appeal begins on that date, thus providing the licensee the full 30 days to appeal. Because deposit and receipt of mail are rarely coterminous, in the absence of a clear receipt date, giving notice by mail is complete no sooner than the period provided by § 2–116—ten days after it is mailed to the licensee, at which time the 30–day period begins to run. Otherwise, the ten-day provision in § 2–116 to complete giving notice by mail becomes meaningless. Adoption of DPS's position would almost certainly result in appeal times of less than 30 days depending on the speed of first-class mail. The Legislature's foresight on this issue removed the necessary time calculation from the realm of speculation and conjecture and provided a definitive time line calculated to afford licensees the 30–day appeal time.

¶ 17 As applied in this case, allowing for the expiration of the ten days required by § 2–116 to complete service of notice by mail before the 30–day limitations period imposed

by § 6–211 begins, the deadline for Alem to file his petition was June 26, 2012. Alem filed his petition on this date, it is considered timely filed, and the trial court had jurisdiction to consider the appeal.

¶ 18 Our conclusion today does not conflict with the holding in *Hoss* that "whatever appeal rights plaintiff had under § 6–211 expired thirty-one days after the . . . revocation orders were *served* on him." *Hoss v. State ex rel. Dep't of Pub. Safety*, 1987 OK CIV APP 8, ¶ 11, 738 P.2d 958, 959 (emphasis added). We first note that the application of § 2–116 was not an issue in *Hoss*. And, our holding does not change the fact that a licensee's appeal rights under § 6–211 expire on the 31st day after the order is *served* on the licensee, whether that is actual or presumptive service.

## CONCLUSION

¶ 19 The trial court erred as a matter of law when it dismissed Alem's appeal for lack of jurisdiction. We reverse the trial court's order and remand for further proceedings.

¶ 20 **REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

BARNES, V.C.J., and GOODMAN, J. (sitting by designation), concur.