2017 OK CIV APP 8

**Robert D. NIX, Petitioner,**

v.

**FIRST STAFFING GROUP USA, Compsource Mutual Ins. and the Workers' Compensation Commission, Respondents.**

Case Number: 114526

Court of Civil Appeals of Oklahoma, Division No. 1.

Decided: 06/03/2016

Mandate Issued: 02/07/2017

John R. Colbert, COLBERT COOPER HILL ATTORNEYS, Ardmore, Oklahoma, for Petitioner.

Donald A. Bullard, Terri J. Phillips, BULLARD & ASSOCIATES, P.C., Oklahoma City, Oklahoma, for Respondents.

BRIAN JACK GOREE, JUDGE:

¶1 Petitioner, Robert D. Nix (Claimant), seeks review of the order of the Workers' Compensation Commission which affirmed the decision of its administrative law judge (ALJ) denying an extension of temporary total disability compensation. Claimant's injury was treated with intravenous administration of medication in the emergency room. We hold the Commission committed an error of law in ruling that such treatment was not an injection within the meaning of 85A O.S. Supp. 2014 62(A).

¶2 Claimant was injured on March 23, 2015 when the semi-truck he was driving rolled over after the brakes failed. Ambulance personnel applied a cervical collar and transported him to the hospital in Ardmore, Oklahoma where he reported back pain, dizziness and blurred vision. In the emergency room CT studies were made of his head, cervical spine, lumbar spine, abdomen and pelvis. X-rays were taken of his chest and left knee. His blood was drawn and medication was administered by IV. The diagnos-

tic studies showed no acute or substantial abnormalities. He was given prescriptions and discharged.

¶ 3 Claimant filed a notice of claim for compensation with the Workers' Compensation Commission alleging a single incident injury to his left leg, lower back, and head. On April 27, 2015 Claimant requested a hearing for temporary total disability compensation for a period beginning March 23, 2015.

¶ 4 Respondents, First Staffing Group, USA, and Compsource Mutual Ins. Co. (collectively Employer), filed an answer admitting Claimant was injured on the job and paid Claimant eight weeks of temporary total disability compensation. Claimant sought an additional eight weeks of TTD pursuant to 62(A), which limits TTD to eight weeks but provides an eight-week extension of TTD if the employee "is treated with an injection or injections." Employer objected, and the ALJ denied the additional TTD, finding that the intravenous therapy that Claimant received was not an injection within the meaning of 62. The Commission affirmed the ALJ's order.

¶ 5 In adopting the Administrative Workers' Compensation Act, (AWCA) the Legislature implemented the following standards for judicial review of Commission decisions:

The Supreme Court may modify, reverse, remand for rehearing, or set aside the judgment or award only if it was:

1. In violation of constitutional provisions;

2. In excess of the statutory authority or jurisdiction of the Commission;

3. Made on unlawful procedure;

4. Affected by other error of law;

5. Clearly erroneous in view of the reliable, material, probative and substantial competent evidence;

6. Arbitrary or capricious;

7. Procured by fraud; or

8. Missing findings of fact on issues essential to the decision.

85A O.S. Supp. 2014 78(C). At issue is the meaning of the phrase "is treated with an injection or injections." It is a question of law which we review de novo. *See American Air-*

*lines v. Hervey*, 2001 OK 74, ¶ 11, 33 P.3d 47, 50.

¶ 6 The primary goal of any inquiry into the meaning of statutory language is to ascertain the intent of the legislature. *Twin Hills v. Town of Forest Park*, 2005 OK 71, ¶ 6, 123 P.3d 5, 6. In the absence of ambiguity or conflict with another enactment, our task is limited to applying a statute according to the plain meaning of the words chosen by the Legislature, which presumptively express that body's intent. *Broadway Clinic v. Liberty Mutual Ins. Co.*, 2006 OK 29, ¶ 15, 139 P.3d 873, 877. Legislative intent is not determined from isolated phrases in a statute but from the whole act in light of its general purpose and objective. *Oklahoma Goodwill Industries, Inc. v. Oklahoma Employment Security Commission*, 2009 OK 55, ¶ 10, 219 P.3d 540, 543. When the language of the statute is plain, it will be followed without further inquiry. *Zoo Trust v. State ex rel. Public Employees Relations Board*, 2007 OK 21, ¶ 6, 158 P.3d 461, 464. So long as the language does not lead to absurdity, courts must resist reading words or elements into a statute that do not appear on its face. *Id.*

¶ 7 An injured employee is entitled to TTD if temporarily unable to perform his or her job or any alternative work offered by the employer. 85A O.S. Supp. 2014 45(A)(1). Generally, an employee may not receive TTD in excess of 104 weeks. *Id.* An employer shall be entitled to terminate TTD when the injured employee (1) is released from active medical treatment by the treating physician, (2) misses three consecutive medical treatment appointments without excuse, (3) fails to comply with medical orders of the treating physician, or (4) abandons medical care. 45(A)(2). The ALJ may appoint an independent medical examiner to determine if further medical treatment is reasonable and necessary. *Id.* Thus, entitlement to TTD is directly related to medical treatment.

¶ 8 It is also true that the period of TTD allowed can be limited based upon both the type of injury and the nature of the medical treatment. For example, the allowance of 104 weeks of TTD provided by 45 is limited for

injuries that are of the soft tissue type.[1] The extent of the limitation depends upon the medical treatment. The statute under review is 62(A) and it provides as follows:

Notwithstanding the provisions of Section 45 of this act, if an employee suffers a nonsurgical soft tissue injury, temporary total disability compensation shall not exceed eight (8) weeks, regardless of the number of parts of the body to which there is a nonsurgical soft tissue injury. An employee who is treated with an injection or injections shall be entitled to an extension of an additional eight (8) weeks. An employee who has been recommended by a treating physician for surgery for a soft tissue injury may petition the Workers' Compensation Commission for one extension of temporary total disability compensation and the Commission may order an extension, not to exceed sixteen (16) additional weeks. If the surgery is not performed within thirty (30) days of the approval of the surgery by the employer, its insurance carrier, or an order of the Commission authorizing the surgery, and the delay is caused by the employee acting in bad faith, the benefits for the extension period shall be terminated and the employee shall reimburse the employer any temporary total disability compensation he or she received beyond eight (8) weeks. An epidural steroid injection, or any procedure of the same or similar physical invasiveness, shall not be considered surgery.

¶ 9 Section 62(A) deals with three treatment categories for soft tissue injuries. The categories are (1) nonsurgical, (2) nonsurgical with an injection or injections, and (3) surgical. The allowed period of TTD compensation for soft tissue injuries varies according to these treatment categories. Nonsurgical soft tissue injuries are limited to eight weeks of compensation. When nonsurgical treatment includes an injection or injections, an additional eight weeks are allowed. When a treating physician recommends surgery for the soft tissue injury, the employee may petition the Commission for an extension that does not exceed sixteen weeks of TTD compensation.

¶ 10 Claimant relies on 62 and argues he is "an employee who is treated with an injection or injections" and is therefore entitled to an extension of an additional eight weeks of compensation. At the hearing, the ALJ admitted into evidence a medical record of the hospital emergency room. The record shows "medications administered" including:

sodium chloride 0.9% flush injection 3 mL

morphine 4 mg/mL injection 4 mg

ondansetron (ZOFRAN) 4 mg/2 mL injection 4 mg

loversol (OPTIRAY 350) 350 mg iodine/mL injection 100 mL

orphenadrine citrate (NORFLEX) 30 mg/mL injection 60 mg

ondansetron (ZOFRAN) 4 mg/2 mL injection 4 mg

ketorolac (TORADOL) injection 15 mg

Beside each entry, the "route" is identified as "IV." At the hearing, Employer stipulated that an IV was given in the emergency room and it was related to the claimed injuries. The ALJ made the following finding: "I find that the intravenous therapy claimant received is not an injection within the meaning of 85A O.S. 62 as to allow the claimant an additional eight (8) weeks of temporary total disability. Therefore, claimant's request for an additional eight weeks is denied." The Commission affirmed the order of the ALJ.

¶ 11 The AWCA does not directly define "injection." However, 85A O.S. Supp. 2013 2(44) defines surgery: " 'Surgery' does not include an injection, or the forcing of fluids beneath the skin, for treatment or diagnosis." Claimant argues that an IV is an injection, taking into account 2(44), because an IV is a method to force fluids beneath the skin for treatment.

¶ 12 Employer contends that Claimant's interpretation of "injection" is not within the intent of the Legislature and would lead to illogical results, for example permitting extra TTD if an injured worker were to receive a tetanus shot. Employer argues that TTD has

---

1. For purposes of 62, "soft tissue injury" means damage to one or more of the tissues that surround bones and joints. This includes, but is not

limited to sprains, strains, contusions, tendonitis, and muscle tears. 62(B).

long been understood as the healing period and the IV Claimant received was not part of a treatment regimen. In support of its proposition, Employer points out that the last sentence of 62(A) states, "An epidural steroid injection, or any procedure of the same or similar physical invasiveness, shall not be considered surgery." According to Employer, in order to receive eight additional weeks for an injection, it would have to be of similar physical invasiveness as an epidural steroid injection.

¶ 13 Before the enactment of the AWCA, the Workers' Compensation Code included a provision allowing for additional TTD based on a recommendation of injections by a treating physician:

> In case of a nonsurgical soft tissue injury, in which the employer has provided medical care within seven (7) days after receipt of oral or written notice of the injury, temporary total disability compensation shall not exceed eight (8) weeks, regardless of the number of parts of the body to which there is a nonsurgical soft tissue injury. A claimant who has been recommended by a treating physician for one or more injections may petition the Court for one extension of temporary total disability compensation and the Court may order an extension, not to exceed eight (8) additional weeks.

85 O.S. 2011 332(K) (emphasis added). Under the Code, an injured worker would not be entitled to additional TTD unless the injection had been recommended by a treating physician. The Legislature eliminated this requirement from 62(A). Under AWCA, an employee who is treated with an injection or injections is *entitled* to an eight-week extension. A recommendation by a treating physician is no longer a requirement. We regard the difference in language as an intentional change because the Legislature will not be presumed to have done a vain and useless act in the promulgation of a statute. *Wilcoxson v. Woodward County EMS*, 2010 OK CIV APP 50, ¶ 12, 231 P.3d 1170, 1175. Under 332(K), now repealed, an injection administered in a hospital emergency room might not qualify as an injection "recommended by a treating physician." We presume the Legis-

lature intentionally broadened the law, and this undermines employer's argument that an injection pursuant to 62(A) must be a part of a treatment regimen.

¶ 14 No published opinion has decided what constitutes an injection under 332(K) of the Code or 62(A) of the AWCA. However, the *Wilcoxson* court analyzed TTD limitations in soft tissue injury cases according to 85 O.S. Supp. 2005 22(3)(d). The court concluded that an epidural steroid injection is not a surgical procedure and defined injection as "the introduction of a medicinal substance ... into a part of the body ... by a needle and syringe or by a syringe." *Wilcoxson*, n.9, citing J.E. Schmidt, M.D., Attorneys' Dictionary of Medicine and Word Finder (1991). It was after the *Wilcoxson* decision [mandated May 6, 2010] that the Legislature enacted 85 O.S. 2011 308(45) [effective August 26, 2011] providing that surgery does not include "an injection, or the forcing of fluids beneath the skin, for treatment or diagnosis."

¶ 15 Employer proposes that the Legislature's use of the conjunction "or" in the sentence "Surgery does not include an injection, *or* the forcing of fluids beneath the skin, for treatment or diagnosis" means the latter clause is not necessarily included in the former. Employer's argument is that an IV, which might involve forcing fluid beneath the skin, is not necessarily an "injection." According to Employer, any other construction of the sentence would render the word "or" meaningless.

¶ 16 We disagree with Employer. The conjunction "or" is sometimes utilized as "the synonymous, equivalent, or substitutive character of two words or phrases." Webster's Third New International Dictionary 1585 (1986). Accordingly, we conclude that the Legislature intended the phrase "the forcing of fluids beneath the skin, for treatment or diagnosis" as a descriptive synonym of the word "injection."

¶ 17 We therefore hold that an "injection" as used in 62(A) means the forcing of fluids beneath the skin, for treatment or diagnosis. This definition is the plain meaning of the word injection. When the Legislature used the word "injection" it did not

specify subcutaneous, intravenous, intramuscular, epidural, or any other degree of physical invasiveness. The fact that 62(A) clarifies that an epidural steroid injection does not constitute surgery does not mean an intravenous injection is not an injection. As the Supreme Court stated in *Zoo Trust v. State ex rel. Public Employees Relations Board*, 2007 OK 21, ¶ 6, 158 P.3d 461, 464, courts must resist reading words or elements into a statute that do not appear on its face.

¶ 18 When Claimant was given an IV in the emergency room, fluids were forced beneath the skin for diagnosis or treatment. He was treated with an injection pursuant to 62(A) and is entitled to an additional eight weeks of TTD. The order of the Workers' Compensation Commission, affirming the ALJ's decision that intravenous therapy is not within the meaning of injection pursuant to 85A Supp. 2014 62(A) is REVERSED.

BUETTNER, V.C.J., P.J., and MITCHELL, J., concur.