**Lowrant KELLY (a/k/a Lester) # 91547, Petitioner Pro Se,**

v.

**The OKLAHOMA PARDON AND PAROLE BOARD, et al., Respondents.**

**No. O-81-552.**

Court of Criminal Appeals of Oklahoma.

Nov. 10, 1981.

Lowrant Kelly, pro se.

Rozia M. McKinney, Asst. Atty. Gen., Oklahoma City, Okl., for Okl. Pardon and Parole Bd.

## ORDER DENYING WRIT OF MANDAMUS

The petitioner claims to be the victim of an unconstitutional act. An inmate of the Joseph Harp Correctional Center, at Lexington, Oklahoma, the petitioner is complaining, not of any act of the Legislature, but of the respondents' policies regarding consideration for parole. In 1980, the petitioner was notified that a parole docket date had been set for him in September, 1981. Then, in April, 1981, the respondent changed its method of determining parole docket dates and the petitioner was assigned a new docket date in November of 1982. The petitioner thinks this is unfair.

Neither the Oklahoma Constitution nor the United States Constitution gives a prisoner any right to be considered for parole. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668; *Phillips v. Williams*, 608 P.2d 1131, (Okl.1980). And the only statutory provision is 57 O.S.Supp. 1980, § 332.7, which requires a prisoner to complete a certain fraction of the sentence before he or she can be considered for parole. The petitioner does not challenge the statute.

The operational memoranda at issue here merely set forth the mechanism by which the respondent exercises the discretion given it by the Legislature. Being given a parole docket date does not mean that a prisoner is going to be placed on parole; it means that a prisoner is going to be *considered* for parole. There is a possibility that parole may be granted; there is also a possibility that parole may be denied. Also, a change in the parole docket date does not change the date on which a prisoner be-

comes eligible for parole. It merely changes the date on which the Board elects to consider him or her for parole.

Since the petitioner has been given no recognized liberty interest by having a docket date set, he has not been deprived of any constitutional right by having that date changed.

IT IS THEREFORE THE ORDER OF THIS COURT that the petition for a writ of mandamus should be, and hereby is, denied.

WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 10th day of November, 1981.

TOM BRETT, P. J.
HEZ J. BUSSEY, J.
TOM R. CORNISH, J.