James B. SCALES, Appellant,

v.

David WALTERS, Governor of the State of Oklahoma, Robert B. Sanders, Executive Director of the Oklahoma Pardon and Parole Board, J.D. Daniels, Deputy Director of the Oklahoma Pardon and Parole Board, Bob Faulkner, Administrative Officer of the Oklahoma Pardon and Parole Board, and R. Michael Cody, Warden, L.C.C., et al., Appellees.

No. 83589.

Court of Appeals of Oklahoma, Division No. 1.

Sept. 26, 1995.

James B. Scales, Lexington, Pro Se.

W.A. Drew Edmondson, Jennifer B. Miller, Oklahoma City, for Appellees.

## *MEMORANDUM OPINION*

CARL B. JONES, Presiding Judge:

Appellant was convicted of robbery with firearms and sentenced to imprisonment for 40 years. Initially, Appellant was determined to be first eligible for parole in February, 1996, but Appellant successfully challenged the method by which corrections officials had calculated that date. Appellant was then notified that he would be considered for parole in January, 1994. Appellee Oklahoma Pardon and Parole Board [Board] declined to parole Appellant. Appellant subsequently brought this action against Appellees asserting that he should have been given advance notice of the January, 1994, parole hearing, and that he was entitled to copies of, or at least a summary of, all the information in the Board's possession relating to his case. Ostensibly, Appellant sought that information because he wanted an opportunity to correct any errors or misstatements in the information the Board would rely upon in deciding whether to grant him parole release. Appellant's petition also challenged inaction by Appellees on Appellant's request to be considered for the Preparole Conditional Supervision Program, 57 O.S.Supp.1993 § 365. The trial court denied all requested relief. It held that Appellant had failed to exhaust his administrative remedies, that he had no right to parole and so neither a constitutional nor a statutory right to advance notice of the parole hearing, and no right to receive copies of the information considered by and/or relied upon by the Board in determining whether to grant him parole release. We agree with the trial court, and so affirm its judgment denying the requested relief.

 This case involves only discretionary parole, by which a prisoner may be released after serving at least his minimum sentence, and not mandatory parole, which requires a prisoner to be released after he has served the maximum sentence for his crime, less any credits against the sentence allowed by state law. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 4, 99 S.Ct. 2100, 2102, 60 L.Ed.2d 668 (1979). A prisoner has no constitutional or inherent right to be considered for discretionary parole. *Id.*, 442 U.S. at 7, 99 S.Ct. at 2103; *Kelly v. Oklahoma Pardon and Parole Bd.*, 637 P.2d 858, 858 (Okla.Crim.App.1981), *cert. denied*, 455 U.S. 923, 102 S.Ct. 1283, 71 L.Ed.2d 465 (1982). Federal and state courts which have considered the issue hold that the discretionary parole process established by Oklahoma statutes does not require the full panoply of due process protection, because a prisoner who has been properly incarcerated does not have a constitutionally protected liberty interest in the *possibility* of parole release. *Phillips v. Williams*, 608 P.2d 1131, 1133–34 (Okla. 1991); *see Board of Pardons v. Allen*, 482 U.S. 369, 378, 107 S.Ct. 2415, 2420, 96 L.Ed.2d 303 (1987); *Greenholtz*, 442 U.S. at 7, 99 S.Ct. at 2103; *Shirley v. Chestnut*, 603 F.2d 805, 807 (10th Cir.1979).

 Clearly, without a protected liberty interest, Appellant cannot invoke due process in aid of his argument that he should have received advance notice of the discretionary parole hearing. Analyzing Appellees' alleged failure to give Appellant notice of discretionary parole consideration according to the standards of due process makes no sense when there is no protectible expectation of liberty associated with such hearing. Thus, it would be anomalous indeed if we were to hold that Appellees violated the requirements of due process by failing to give Appellant notice of his discretionary parole hearing.

 A writ of mandamus will not be granted on a prisoner's challenge to any matter related to computation of sentence or date of release unless it is shown that the prisoner would be entitled to immediate release *and* that he has pursued the appropriate administrative remedies. *Wald v. Crisp*, 568 P.2d 316, 316 (Okla.Crim.App.1977); *Shelton v. Crisp*, 565 P.2d 53, 54 (Okla.Crim. App.1977). The same rule applies to matters related to consideration for parole release. Appellant failed to allege in his petition that he pursued any administrative remedy related to his claims that he was denied advance notice of the parole hearing and that he should have received a copy or summary of the information considered by the Board when it decided that Appellant should not be paroled. We note from the attachments to Appellant's petition that he did submit a request for administrative review regarding his eligibility for preparole conditional supervision and his unrelated allegation that the Board decided to deny him parole release in January, 1994, in retaliation for his earlier lawsuit concerning the method for calculating earned credits. This matter is not properly before us because there is no indication in the record that the Board has acted on the request.[1]

 Appellant contends that the administrative remedy was inadequate, and so he was not obliged to pursue it. However, his arguments on that point are limited to the Board's alleged failure to respond to Appellant's requests for consideration of preparole conditional supervision and to reconsider parole release for him. To the extent that this case involves Appellant's requests for copy or summary of the Board's files and for advance notice of the January, 1994, parole hearing, Appellant makes no argument that the avail-

---

1. Appellant filed an original action in the Oklahoma Supreme Court, No. 83,588, for writ of mandamus to compel the Board to respond to his request for review. By order dated June 13, 1994, the Court transferred that action to the Court of Criminal Appeals because it pertained to credit time reduction of Appellant's sentence, a matter exclusively within the jurisdiction of the criminal court. Appellees assert in their answer brief that the Board responded to Appellant's request by letters dated March 10, 1994 and May 27, 1994. We will not consider any such filings because they are not included in the record on appeal in this case.

able administrative remedy was inadequate. We therefore disregard the assertion of inadequate administrative remedy. In the absence of any cognizable challenge to the exhaustion requirement, we must agree with the trial court's holding that Appellant failed to exhaust his administrative remedies on his remaining claims.

We conclude that the trial court's judgment denying the requested relief was correct, and so must be affirmed.

AFFIRMED.

GARRETT, C.J., and JOPLIN, J., concur.