Dear Mr. Jenks:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. Does the provision of 57 O.S.Supp. 2009, § 530.4[57-530.4], which prohibits parole in certain circumstances, conflict with the constitutional and statutory authority of the Pardon and Parole Board to recommend individuals for parole to the Governor?
 2. If it is determined that a conflict does exist, what steps should the Oklahoma Pardon and Parole Board take to ensure compliance with applicable law?
Your question requires an analysis of 57 O.S.Supp. 2009, § 530.4[57-530.4] and Article VI, Section 10 of the Oklahoma Constitution. Title 57, Section 530.4, of the Oklahoma Statutes, known as the Oklahoma Criminal Illegal Alien Rapid Repatriation Act of 2009, states:
 A. Notwithstanding any law to the contrary, the Director of the Department of Corrections may release a prisoner to the custody and control of the United States Immigration and Customs Enforcement, provided the Department has received an order of deportation for the prisoner from the United States Citizenship and Immigration Services, the prisoner has served at least one-third (1/3) of the total amount of incarceration imposed by the court, and the prisoner has not been convicted of an offense as provided in Section 13.1 of Title 21[1] of the Oklahoma Statutes. The Director shall consider all sentences being served when calculating the total amount of incarceration, but shall not consider the suspended portion of any sentence. *Page 2 
 B. If a prisoner released pursuant to this section returns illegally to the United States, upon notice from any federal or state law enforcement agency that the prisoner is incarcerated, the Director shall revoke the release of the prisoner and the prisoner shall serve the remainder of the incarceration originally imposed by the court. The prisoner shall not thereafter be eligible for parole on any sentence affected by the release provided above.
Id. (emphasis added) (footnote added). Article VI, Section 10, of the Oklahoma Constitution created the Pardon and Parole Board and in pertinent part states:
 There is hereby created a Pardon and Parole Board to be composed of five members; . . . It shall be the duty of the Board to make an impartial investigation and study of applicants for commutations, pardons or paroles, and by a majority vote make its recommendations to the Governor of all deemed worthy of clemency.
Provided, the Pardon and Parole Board shall have no authority to make recommendations regarding parole for convicts sentenced to death or sentenced to life imprisonment without parole.
Id. (emphasis added).
The Oklahoma Supreme Court has consistently held that legislative enactments are presumed to be constitutional and will be upheld unless "clearly, palpably and plainly inconsistent with the Constitution." Kimery v. Pub. Serv. Co.,622 P.2d 1066, 1069 (Okla. 1980). "Generally, we do not look to the Constitution to determine whether the Legislature is authorized to do an act, but rather, to see if the act is prohibited."Jackson v. Freeman, 905 P.2d 217, 221 (Okla. 1995). As noted above, Article VI, Section 10, of the Oklahoma Constitution requires the Pardon and Parole Board to make an impartial investigation and study of applicants for commutations, pardons or paroles, and by a majority vote make its recommendations to the Governor of all deemed worthy of clemency. The Constitution does not require that the Pardon and Parole Board recommend every prisoner for pardon or parole. If an applicant is not deemed worthy, there will be no recommendation for a pardon or parole. Further, "[n]either the Oklahoma Constitution nor the United States Constitution gives a prisoner any right to be considered for parole."Kelly v. Okla. Pardon Parole Bd.,637 P.2d 858 (Okla. Crim. App. 1981) (citing Greenholtz v. Inmatesof the Neb. Penal Corr. Complex, 442 U.S. 1, 7 (1979));Shabazz v. Keating, 977 P.2d 1089, 1093 (Okla. 1999). Because legislative acts are presumed to be constitutional, we do not see the statutory language that excludes certain individuals from consideration for parole to be in conflict with Article VI, Section 10 of the Oklahoma Constitution.
In addition, other statutory provisions establish limits to the authority of the Pardon and Parole Board. Title 57 O.S.Supp. 2009, § 332.7[57-332.7], sets out the circumstances under which a person may be considered for parole. Subsection A sets out the conditions for parole for crimes committed prior to July 1, 1998, and states: *Page 3 
 A. For a crime committed prior to July 1, 1998, any person in the custody of the Department of Corrections shall be eligible for consideration for parole at the earliest of the following dates:
 1. Has completed serving one-third (1/3) of the sentence;
 2. Has reached at least sixty (60) years of age and also has served at least fifty percent (50%) of the time of imprisonment that would have been imposed for that offense pursuant to the applicable Truth in Sentencing matrix, provided in Sections 598 through 601, Chapter 133, O.S.L. 1997; provided, however, no inmate serving a sentence for crimes listed in Schedules A, S-1, S-2 or S-3 of Section 6, Chapter 133, O.S.L. 1997, or serving a sentence of life imprisonment without parole shall be eligible to be considered for parole pursuant to this paragraph;
 3. Has reached eighty-five percent (85%) of the midpoint of the time of imprisonment that would have been imposed for an offense that is listed in Schedule A, B, C, D, D-1, S-1, S-2 or S-3 of Section 6, Chapter 133, O.S.L. 1997, pursuant to the applicable matrix; provided, however, no inmate serving a sentence of life imprisonment without parole shall be eligible to be considered for parole pursuant to this paragraph; or
 4. Has reached seventy-five percent (75%) of the midpoint of the time of imprisonment that would have been imposed for an offense that is listed in any other schedule, pursuant to the applicable matrix; provided, however, no inmate serving a sentence of life imprisonment without parole shall be eligible to be considered for parole pursuant to this paragraph.
Id. Subsection B sets out the conditions for parole for crimes committed subsequent to July 1, 1998 and states:
 B. For a crime committed on or after July 1, 1998, any person in the custody of the Department of Corrections shall be eligible for consideration for parole who has completed serving one-third (1/3) of the sentence; provided, however, no inmate serving a sentence of life imprisonment without parole shall be eligible to be considered for parole pursuant to this subsection.
Id. Subsection H also provides for exceptions to the authority of the Pardon and Parole Board to consider certain inmates for parole. *Page 4 
"In the interpretation of statutes, courts . . . construe together the various provisions of relevant legislative enactments to ascertain and give effect to the legislature's intention and will, and attempt to avoid unnatural and absurd consequences."McNeill v. City of Tulsa, 953 P.2d 329, 332 (Okla. 1998). "When the language of the statute is plain, it will be followed without further inquiry." Okla. City Zoological Trust v. State exrel. Pub. Employees Relations Bd.,158 P.3d 461, 464 (Okla. 2007). The language of 57 O.S.Supp. 2009, § 530.4[57-530.4] is plain, and it is clear that the Legislature intended to remove that specific category of prisoner from consideration for parole.
Because 57 O.S.Supp. 2009, § 530.4[57-530.4], does not conflict with the constitutional and statutory authority of the Pardon and Parole Board to recommend individuals for parole, it is not necessary to address the second part of your question.
It is, therefore, the official Opinion of the Attorney Generalthat:
 The provision of 57 O.S Supp. 2009, § 530.4, which prohibits parole in certain circumstances, does not conflict with the constitutional and statutory authority of the Pardon and Parole Board to recommend individuals for parole to the Governor.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
ELIZABETH RYAN ASSISTANT ATTORNEY GENERAL
[1] Persons convicted of crimes listed in this provision must serve not less than 85% of their sentences before becoming eligible for parole. *Page 1