PARKS v. STATE ex rel PARDON AND PAROLE BD.



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:PARKS v. STATE ex rel PARDON AND PAROLE BD.

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 PARKS v. STATE ex rel PARDON AND PAROLE BD.
2018 OK CIV APP 34
417 P.3d 1232
Case Number: 116207
Decided: 12/22/2017
Mandate Issued: 04/25/2018
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2018 OK CIV APP 34, 417 P.3d 1232

 



ARTHUR M. PARKS, Plaintiff/Appellant,
v.
STATE OF OKLAHOMA ex rel., PARDON AND PAROLE BOARD, Defendant/Appellee.





APPEAL FROM THE DISTRICT COURT OF
OKLAHOMA COUNTY, OKLAHOMA


HONORABLE BARBARA SWINTON, JUDGE





AFFIRMED





Arthur M. Parks, Lexington, Oklahoma, Pro Se,


Melissa L. Blanton, OKLAHOMA PARDON AND PAROLE BOARD, Oklahoma City, Oklahoma, for Defendant/Appellee.







Bay Mitchell, Presiding Judge:



¶1 Plaintiff/Appellant Arthur M. Parks (Appellant) appeals from an order dismissing his claim against Defendant/Appellee the State of Oklahoma ex rel., Pardon and Parole Board (the State) for failure to state a claim for which relief may be granted and finding his claim subject to the registry of frivolous and malicious appeals. After de novo review, we find Appellant could prove no set of facts which would entitle him to relief because the Pardons and Paroles provisions, 57 O.S. 2011 §331 et seq., do not require the Pardon and Parole Board to reconsider an inmate for parole after his initial denial. We also affirm the court's finding that Appellant's action is subject to the registry of frivolous and malicious appeals.


¶2 Appellant, an inmate of the Oklahoma Department of Corrections, was sentenced to life imprisonment on April 6, 1989. Appellant was denied parole in April 2015. The Pardon and Parole Board (the Board) voted to set off Appellant's next parole reconsideration for five years. Appellant filed a lawsuit in Oklahoma County seeking a declaratory judgment that the Administrative Code conflicts with statutory changes concerning the scheduling of parole reconsideration. Specifically, Appellant claimed the Board's discretion to set off his next reconsideration date was nullified when the Legislature repealed 57 O.S. 2011 §332.7 in 2013.


¶3 The trial court dismissed Appellant's case, finding that Appellant was required to bring his suit under the Uniform Post-Conviction Procedure Act in Stephens County, where Appellant's judgment and sentence were imposed.[1] Appellant then filed an "Amended Petition" and argued that the relief he was seeking, i.e., declaratory relief under the Administrative Procedures Act, was not available under the Uniform Post-Conviction Procedure Act. The State filed a motion to dismiss. The State argued that Appellant had no liberty interest in parole and that the Board's discretion to set off parole consideration was not repealed by the Legislature. The State also requested a finding that Appellant's action was frivolous, malicious, failed to state a claim upon which relief may be granted, and thus, was subject to the registry of frivolous or malicious appeals pursuant to 57 O.S. 2011 §566.2. The court agreed with the State, dismissed the case with prejudice, found that Appellant's action failed to state a claim upon which relief may be granted, and found it was subject to the registry for frivolous and malicious appeals.


¶4 "When reviewing a trial court's dismissal of an action an appellate court examines the issues de novo." Rogers v. Quiktrip Corp., 2010 OK 3, ¶4, 230 P.3d 853, 855-56 (footnote omitted). "The purpose of a motion to dismiss is to test the law that governs the claim in litigation rather than to examine the underlying facts of that claim." Id. A motion to dismiss should not be sustained unless it appears without doubt that the plaintiff can prove no set of facts that would entitle him to relief. Niemeyer v. U.S. Fid. & Guar., 1990 OK 32, ¶5, 789 P.2d 1318, 1321.


¶5 We agree with the State that Appellant failed to state a claim upon which relief may be granted. First, as noted by the State, it is well-settled that a prisoner has no liberty interest in parole. See Shabazz v. Keating, 1999 OK 26, ¶9, 977 P.2d 1089, 1093 ("In short, there is no protectible liberty interest in an Oklahoma parole . . . this State's parole release procedure, which affords no more than an expectation (or hope) of parole, is not surrounded with due process protection.") (footnotes and emphasis omitted); see also Kelly v. Oklahoma Pardon and Parole Bd., 1981 OK CR 143, ¶2, 637 P.2d 858, 858 ("Neither the Oklahoma Constitution nor the United States Constitution gives a prisoner any right to be considered for parole.").


¶6 Second, the Pardons and Paroles provisions, 57 O.S. 2011 §331 et seq., do not, as urged by Appellant, require the Board to reconsider an inmate for parole after his initial denial. Title 57 O.S. Supp. 2013 §332.7(D) provides as follows:

D. Any inmate who has parole consideration dates calculated pursuant to subsection A, B or C of this section shall be considered at the earliest such date. Except as otherwise directed by the Pardon and Parole Board, any person who has been considered for parole and was denied parole or who has waived consideration shall not be reconsidered for parole:

1. Within three (3) years of the denial or waiver, if the person was convicted of a violent crime . . . unless the person is within one (1) year of discharge; or

2. Until the person has served at least one-third (1/3) of the sentence imposed, if the person was eligible for consideration pursuant to paragraph 3 of subsection A of this section. Thereafter the person shall not be considered more frequently than once every three (3) years, unless the person is within one (1) year of discharge.


This provision, in short, provides that the Board may not reconsider a person for parole sooner than three years after his previous denial, unless that person is within one year of being discharged. The provision does not, however, require the Board to reconsider an inmate's parole every three years or establish a limitation on how long the Board may postpone reconsideration.


¶7 Appellant focuses on the discretionary language in §332.7(D) and argues that the Legislature nullified that language when it repealed 57 O.S. §322.17 in 2013. This argument fails for several reasons. First, the Board's authority to postpone parole reconsideration is not derived from §332.7. As noted above, §332.7 merely imposes a minimum amount of time that must pass before a previously denied inmate may be reconsidered for parole. Further, we disagree with Appellant's argument that the Legislature implicitly nullified the Board's discretion when it repealed 57 O.S. §322.17. Section 322.17 provided:

No person who is appearing out of the normal processing procedure shall be eligible for consideration for parole without the concurrence of at least three (3) members of the Pardon and Parole Board. The vote on whether or not to consider such person for parole and the names of the concurring Board members shall be set forth in the written minutes of the Board meeting at which the issue is considered.


Appellant, however, fails to explain how or to otherwise convince us that the repeal of §322.17 requires the Board to reconsider previously denied prisoners for parole at any particular time. If anything, the repeal of this provision gives the Board more leeway to schedule parole reviews, as a three-member vote is no longer required to consider prisoners out of the normal processing procedure.


¶8 Appellant also argues the court erred when it found his claim was frivolous, malicious, fails to state a claim upon which relief may be granted and was, therefore, subject to the registry of frivolous or malicious appeals. When a prisoner has had three or more actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, the court may require that prisoner to prepay filing fees. 57 O.S. 2011 §566.2(A). Section 566.2(B) requires the Administrative Office of the Courts to maintain a registry of frivolous or malicious appeals, which is posted on the Oklahoma Supreme Court Network website. The trial court here properly found that Appellant failed to state a claim upon which relief could be granted. Accordingly, we find the court did not abuse its discretion by finding this action is subject to the registry.




¶9 AFFIRMED.





BUETTNER, C.J., and GOREE, J. (sitting by designation), concur.





FOOTNOTES




[1] The Uniform Post-Conviction Procedure Act is codified at 22 O.S. 2011 §1080 et seq. Section 1080 provides as follows:

Any person who has been convicted of, or sentenced for, a crime and who claims:

(a) that the conviction or the sentence was in violation of the Constitution of the United States or the Constitution or laws of this state;



(b) that the court was without jurisdiction to impose sentence;


(c) that the sentence exceeds the maximum authorized by law;


(d) that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;


(e) that his sentence has expired, his suspended sentence, probation, parole, or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint; or


(f) that the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding or remedy;


may institute a proceeding under this act in the court in which the judgment and sentence on conviction was imposed to secure the appropriate relief. Excluding a timely appeal, this act encompasses and replaces all common law and statutory methods of challenging a conviction or sentence.









 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1981 OK CR 143, 637 P.2d 858, KELLY v. OKLAHOMA PARDON & PAROLE BD
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1990 OK 32, 789 P.2d 1318, 61 OBJ 875, Niemeyer v. U.S. Fidelity and Guar. Co.
Discussed
 2010 OK 3, 230 P.3d 853, ROGERS v. QUIKTRIP CORP.
Discussed
 1999 OK 26, 977 P.2d 1089, 70 OBJ 1069, Shabazz v. Keating
Discussed
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 1080, Post-Conviction Procedure Act - Right to Challenge Conviction or Sentence.
Cited
Title 57. Prisons and Reformatories
 Cite
Name
Level

 57 O.S. 566.2, Frivolous or Malicious Appeals - Registry
Discussed
 57 O.S. 332.7, Persons Eligible for Consideration for Parole - Inquiry - Recommendation to Governor
Discussed
 57 O.S. 331, Repealed
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA